ZELLA CULPEPPER, *Appellant*, v. J. IVOR CULPEPPER,
*Appellee*.
138 So. 798.
En Banc.
Order entered September 10, 1931.

*L. W. Blanton* and *Wm. T. Hendry*, for Appellant;
*W. B. Davis*, for Appellee.

PER CURIAM.—This cause coming on upon petition for
rule against the appellee to show cause why he should
not be held in contempt for his failure to comply with
that certain order which it is alleged by said petition was
made by the Honorable Mallory F. Horne, Judge of the
Third Judicial Circuit of Florida in and for Taylor
County, on the 29th day of May, 1931, wherein and where-
by the said appellee was required to pay to the defendant
in the court below as temporary alimony the sum of
$15.00 on June 1st and the sum of $15.00 on June 10th,
1931, and thereafter until further order of the court to
pay the defendant the sum of $30.00 or on before the 1st
day of each and every month as temporary alimony, and
wherein it was further ordered that the appellee, com-
plainant in the court below, pay the further sum of $75.00
as temporary solicitor's fees for defendant's solicitors in
installments of $25.00 each on or before the 15th day of
July, August and September, 1931.

It appearing to the Court that a transcript of the record
in the case of Zella Culpepper, Appellant, v. J. Ivor Cul-
pepper, Appellee, was filed in this Court on August 11th,
1931, in an appeal, notice whereof was entered on the 10th
day of June, 1931, wherein and whereby the defendant
took her appeal from the order and decree of the Circuit
Court made on the 29th day of May, 1931, whereby the
complainant was allowed to file an amended bill of com-
plaint; and it further appearing from that certain order

from which appeal was taken that it did not embrace or contain any requirement regarding the payment of temporary alimony and solicitor's fees, but that said orders were two separate and distinct orders.

It, therefore, appears that although supersedeas was perfected in the appeal from the order allowing the filing of an amended bill of complaint, that such supersedeas does not affect any other order of the court in the said cause. The appeal from the order allowing the filing of an amended bill of complaint does not bring with it for review by this Court the order requiring the payment of temporary alimony and solicitor's fees in which matter the Circuit Court retained and has exclusive jurisdiction.

Therefore, inasmuch as this Court has not acquired jurisdiction of the order of the Circuit Court requiring the payment of temporary alimony and solicitor's fees, this Court is without jurisdiction to issue the Rule applied for. The petition for Rule is denied, with permission to the applicant to apply to the Judge of the Circuit Court retaining jurisdiction of said cause for such Rule. It is so ordered.

BUFORD, C.J., AND WHITFIELD, TERRELL AND DAVIS, J.J., concur.